IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| ALPHA CONSTRUCTION <br> AND ENGINEERING CORP., <br> 12360 Three Sisters Road <br> Potomac, Maryland 20854 <br><br> and <br><br> RUMMEL, KLEPPER & KAHL, LLP <br> 81 Mosher Street <br> Baltimore, Maryland 21217 <br><br>     Plaintiffs, <br> v. <br><br> THE INSURANCE COMPANY OF <br> THE STATE OF PENNSYLVANIA <br> 70 Pine Street <br> New York, N.Y. <br><br>   Serve: R. Steven Orr <br>          Insurance Commissioner <br>          Maryland Insurance <br>            Administration <br>          525 St. Paul Place <br>          Baltimore, Maryland <br>            21202-2272 <br><br>     Defendant | * <br> * <br> * <br> * <br> * <br> * <br> * <br> *   Civil Action No.: _____ <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, Alpha Construction and Engineering Corp. and Rummel, Klepper & Kahl, LLP , by their attorneys, FERGUSON, SCHETELICH & BALLEW, P.A., and Robert L. Ferguson, Jr.; and KING AND ATTRIDGE, and Patrick James Attridge, their attorneys, file this Complaint seeking a declaration that The Insurance Company of the State of Pennsylvania ("the Insurer") is

responsible for providing a defense and indemnity to Alpha and RK&K for an action filed against them by Mary Griffin and, in support thereof, state as follows:

## PARTIES, JURISDICTION AND VENUE

1.  Plaintiff Alpha Construction and Engineering Corp., ("Alpha") is a corporation organized under the laws of Maryland, with its principal place of business in Potomac, Maryland. Alpha is engaged in the business of engineering and consulting and transacts business in the state of Maryland.

2.  Plaintiff Rummel, Klepper & Kahl, LLP ("RK&K") is a Maryland limited liability partnership with its principal place of business in Baltimore, Maryland. RK&K is engaged in the business of engineering and consulting and transacts business in the State of Maryland.

3.  Defendant The Insurance Company of the State of Pennsylvania ("the Insurer") is a corporation organized under the laws of the state of Pennsylvania with its principal place of business in New York. The Insurance Company of the State of Pennsylvania is also a property and casualty insurer which transacts business in the state of Maryland.

4.  This Court has jurisdiction in this action pursuant to 28 U.S.C. § 1332, as amended, as the matter in controversy involves a dispute between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) as Defendant resides in this District and a substantial part of the events giving rise to the Complaint arose in this District.

## FACTS COMMON TO ALL COUNTS

6. The purpose of this declaratory judgment action is to request that the Court declare the responsibilities of The Insurance Company of the State of Pennsylvania with respect to the defense and/or indemnification of Plaintiffs Alpha and RK&K in connection with a lawsuit filed against them by Mary Griffin.

      a.      The Underlying Lawsuit

7. On or about January 13, 2003, Mary Griffin was ascending an escalator at the Rogers Avenue Maryland Transit Administration ("MTA") light rail station in Baltimore City, Maryland when she was struck in the head by a board which had apparently fallen from a construction area above the escalator ("the occurrence"). The construction was part of a multi-station escalator weatherization project undertaken by MTA. Ms. Griffin claims that she sustained serious and permanent injury as a result of the occurrence.

8. Mary Griffin filed suit against Alpha and RK&K among other defendants ("the Griffin suit"). The matter is currently pending in the Circuit Court for Baltimore City, Case No.: 24-C-05-007319 OT.

9. Trial is currently scheduled for November 20, 2006.

      b.      The MTA Escalator Weatherization Project

10. MTA contracted with Maple Construction Company, Inc. in October 2001 for the construction of certain improvements for weatherization of five Metro stations, including the Rogers Avenue Station, MTA Contract No.: T-0124-340.

11. The Maple-MTA contract specifically incorporates the project drawings and Contract Specification Book ("the contract documents"). The contract documents include

3

provisions whereby MTA agreed to maintain an Owner Controlled Insurance Program ("OCIP") for the benefit of MTA, Maple, Alpha and RK&K. In Paragraph 1.3.2 at page I-15 of 27, the contract documents state that

> Owner shall maintain the Owner-controlled Insurance Program (OCIP) insurance specified in paragraphs 1.3.2(a), (b) and (c) below with Owner, Contractor, contractors and subcontractors of all tiers, and such other persons or interests as the Owner may designate as insured parties, with limits not less than those specified below for each coverage.

Section (b) of Paragraph 1.3.2 specifies that MTA will obtain a commercial general liability insurance policy with a minimum limit of $2,000,000.

12. The contract documents require MTA to designate Consultants, Contractors and Engineers, among others, as Insureds under the insurance policy. The contract documents, at PSP – 8, define "Insured" as

> The Authority, *Consultants, Contractors, Architects, Engineers*, Subcontractors and any other party named as insureds on Certificates of Insurance signed by a duly authorized representative of the Insurance Carriers. (emphasis added)

13. The contract documents, at PSP – 7, define "Contractor" as

> Any individual, firm, or corporation undertaking maintenance, construction, or other services under contract with MTA, GC/GM, or their designees requiring manual and non-manual labor at or emanating from the site, (*this includes engineering, technical and consulting on-site service contractors, employee leasing companies* and/or contractor-provided temporary services) excluding vendors, suppliers, material dealers, haulers, or others whose function is solely to supply and/or deliver materials, parts, or equipment to and from the site. (emphasis added).

14. MTA provided an explanation of the OCIP program to contractors, including Frequently Asked Questions.

15. Alpha provided engineering, consulting and inspection services to MTA for the weatherization project pursuant to a Consulting Services Agreement between Alpha and MTA. Pursuant to this contract, Alpha leased its employee, Michael Gray to MTA. Mr. Gray was assigned by MTA to the weatherization project as an inspector reporting to and taking direction from the Project Resident Engineer. It is alleged in the underlying litigation that Alpha's liability to Mary Griffin arises out of the acts and omissions of Michael Gray.

16. RK&K provided engineering, consulting and inspection services to MTA for the weatherization project pursuant to a Consulting Services Agreement between RK&K and MTA. Pursuant to this contract, RK&K leased its employees Tony Combs and Jimmy Mekins to MTA. Mr. Combs was assigned by MTA to the project as an inspector reporting to and taking direction from the Project Resident Engineer. Mr. Mekins was assigned by MTA to serve as Resident Engineer on the Weatherization Project. It is alleged by Plaintiff in the underlying litigation that RK&K's liability to Plaintiff arises out of acts and omissions of Tony Combs.

    c.    <u>The Insurance Company of the State of Pennsylvania Policy</u>

17. The Insurance Company of the State of Pennsylvania issued Commercial General Liability Policy No. GL 933-09-60 RA ("the Policy") to MARYLAND MASS TRANSIT ADMINISTRATION ET AL., with effective dates of April 15, 2002 to April 15, 2003. The Policy is issued for the benefit of MTA and the entities covered by the insurance program set forth in the construction documents and protects them against liability arising from MTA construction projects, including the Escalator Weatherization Project.

18. The Policy includes standard insurance clauses for defense and indemnity of insureds:

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

19. The Policy includes as an insured any person leased to the MTA to perform duties relating to the conduct of MTA's business.

20. By endorsement, the Policy includes as an insured all entities which "the named insured has agreed under contract to provide insurance." (Endorsement MS#00016).

21. By endorsement, the Policy includes as the named insured "all contractors, all tiers of contractors, each separate contractor of MARYLAND MTA, ET AL., others to whom MARYLAND MTA, ET AL. Contracts to furnish insurance under the insurance program for this project . . ." (Endorsement MS#00001)

d. Requests for Coverage

22. Alpha and RK&K have tendered the defense of the Griffin suit to the Insurer and have demanded indemnity from the Insurer.

23. The Insurer has denied coverage and has refused to provide a defense or indemnity.

24. An actual and justiciable controversy exists among the parties as to the rights and responsibilities of the Insurer with respect to the claims asserted in the Griffin suit.

## COUNT I
### (Declaratory Judgment – Duty to Defend)

25. Plaintiffs Alpha and RK&K incorporate by reference the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. The Commercial General Liability policy issued by The Insurance Company of the State of Pennsylvania does provide the potentiality for coverage for Alpha and RK&K for the damages sought in the lawsuit filed against them by Mary Griffin. Therefore the Insurer has a duty to defend Alpha and RK&K in connection with the Griffin suit.

WHEREFORE, Plaintiffs Alpha and RK&K pray for the following relief:

A. That this Court declare the rights duties and obligations of the parties;

B. That this Court declare that Alpha and RK&K are named insureds and insureds under Commercial General Liability Policy No. GL 933-09-60 RA issued by The Insurance Company of the State of Pennsylvania;

C. That this Court declare that The Insurance Company of the State of Pennsylvania owes a duty to defend Alpha and RK&K with respect to the occurrence, including the lawsuit filed against them by Mary Griffin; and

D. That this Court award attorneys' fees and expenses incurred in the defense of the underlying lawsuit and in prosecuting this action;

E. That the Court grant such further relief as the justice of the cause may require.

## COUNT II
### (Declaratory Judgment – Duty to Indemnify)

27. Plaintiffs Alpha and RK&K incorporate by reference the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28. The Commercial General Liability policy issued by The Insurance Company of the State of Pennsylvania does provide primary coverage for Alpha and RK&K for the damages sought in the lawsuit filed against them by Mary Griffin. Therefore the Insurer has a duty to indemnify Alpha and RK&K for damages payable by them in connection with the Griffin suit.

WHEREFORE, Plaintiffs Alpha and RK&K pray for the following relief:

A. That this Court declare the rights duties and obligations of the parties;

B. That this Court declare that Alpha and RK&K are named insureds and insureds under Commercial General Liability Policy No. GL 933-09-60 RA issued by The Insurance Company of the State of Pennsylvania;

C. That this Court declare that The Insurance Company of the State of Pennsylvania owes a duty to indemnify Alpha and RK&K for damages payable by them with respect to the occurrence, including damages claimed or awarded in the lawsuit filed against them by Mary Griffin.; and

D. That this Court award attorneys' fees and expenses incurred in the defense of the underlying lawsuit and in prosecuting this action;

E. That the Court grant such further relief as the justice of the cause may require.

FERGUSON, SCHETELICH & BALLEW, P.A.

By: _____
     Robert L. Ferguson, Jr.
     Federal Trial Bar No.: 00777
     1401 Bank of America Center
     100 S. Charles Street
     Baltimore, Maryland 21201
     (410) 837-2200
     Attorneys for Plaintiff Alpha
      Construction and Engineering Corp.


KING AND ATTRIDGE

By: _____
     Patrick James Attridge, Esquire  w/ express permission
     Federal Trial Bar No: 02157
     The Anderson House
     39 W. Montgomery Avenue
     Rockville, Maryland 20850
     (301) 279-0780
     Attorneys for Plaintiff
     Rummel, Klepper & Kahl, LLP

9